J-S75020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LARAINE ROTHWELL | : | |
| Appellant | : | No. 112 EDA 2016 |

Appeal from the Judgment of Sentence December 7, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007523-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| LA'RAINE LYNITE ROTHWELL | : | |
| Appellant | : | No. 113 EDA 2016 |

Appeal from the Judgment of Sentence December 7, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005252-2011

BEFORE: BOWES, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.: **FILED OCTOBER 12, 2016**

La'Raine Rothwell appeals from the December 7, 2015 judgment of

sentence entered in the Court of Common Pleas of Delaware County

following a violation of her intermediate punishment.[1]  We affirm.

On March 6, 2008, when Rothwell was arrested on charges of retail theft,[2] she already possessed a lengthy criminal history that included seven retail theft convictions.  She pled guilty and the trial court sentenced her to imprisonment followed by probation.

On June 28, 2011, Rothwell was again arrested on charges of retail theft as well as resisting arrest.[3]  She pled guilty and the trial court sentenced her to 3 to 23 months' imprisonment followed by 2 years' probation.

On October 26, 2013, Rothwell was arrested on charges of robbery,[4] simple assault,[5] retail theft, and receiving stolen property.[6]  On March 13, 2014, the trial court sentenced Rothwell to 24 months' county intermediate punishment[7] with the condition that she stay away from J.C. Penney and

---

[1] The sentences were imposed at two docket numbers: CP-23-CR-0007523-2013 and CP-23-CR-0005252-2011.

[2] 18 Pa.C.S. § 3929(a)(1).

[3] 18 Pa.C.S. § 5104.

[4] 18 Pa.C.S. § 3701(a)(1)(iv).

[5] 18 Pa.C.S. § 2701(a)(1).

[6] 18 Pa.C.S. § 3925(a)(1).

[7] *See* 42 Pa.C.S. § 9804 (authorizing and describing county intermediate punishment programs).

enter a mental health treatment program. On that same date, the trial court found her in violation of her probation on the 2008 and 2011 charges. The trial court sentenced Rothwell to a new term on both dockets: one year of probation for the 2008 charges and two years' probation for the 2011 charges, to run concurrently with the sentence imposed for the 2013 charges.

Rothwell failed to comply with the conditions of her intermediate punishment. The trial court described Rothwell's actions during the following months as follows:

> [Rothwell] failed to participate in education, treatment and rehabilitation programs. She did not cooperate with her therapist. After testing positive for cocaine, she was ordered to attend meetings but failed to do so. She was hostile and resistant to treatment. She used her cell phone during group sessions. She continued to test positive for cocaine. She twice obtained prescriptions for Tylenol with codeine and once for Percocet despite the fact the she was not permitted to take any narcotics. She agreed to bring the Percocet pills to the Probation Department but failed to do so, claiming that her sister had flushed them down the toilet.

1925(a) Op. at 2.

On November 24, 2015, the trial court held a **_Gagnon II_**[8] hearing and, after considering all of the evidence and recommendations, found Rothwell in violation of her intermediate punishment. For the 2011 charges,

---

[8] **_Gagnon v. Scarpelli_**, 411 U.S. 778 (1973).

the trial court sentenced Rothwell to 24 to 84 months' imprisonment. For the 2013 charges, it sentenced her to an additional 1 to 2 years' imprisonment, to be served consecutively.[9]

After Rothwell's petitions for reconsideration were denied, she filed a timely notice of appeal. Both Rothwell and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. Rothwell raises the following issue on appeal:

> Whether the sentences handed down in these matters per the orders of December 7, 2015 were harsh and excessive under the circumstances since the record is abundantly clear that a probationary period was a viable alternative to the actual term of imprisonment imposed.

Appellant's Br. at 7.

Rothwell challenges the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before we address a discretionary challenge, we must engage in a four-part analysis to determine:

> "(1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code."

---

[9] The trial court issued its final sentencing order on December 7, 2015.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013) (quoting

***Commonwealth v. Malovich***, 903 A.2d 1247, 1250 (Pa.Super. 2006));

***see also Allen***, 24 A.3d at 1064.

Rothwell filed a timely notice of appeal, preserved her claim in a timely post-sentence motion, and included in her brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). We must now determine whether she has raised a substantial question that the sentence is inappropriate under the sentencing code and, if so, review the merits.

We evaluate whether a particular issue raises a substantial question on a case-by-case basis. ***Commonwealth v. Dunphy***, 20 A.3d 1215, 1220 (Pa.Super. 2011). A substantial question exists where a defendant raises a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa.Super. 2013) (citation and internal quotation omitted). "[C]laims that a penalty is excessive and/or disproportionate to the offense can raise substantial questions." ***Commonwealth v. Malovich***, 903 A.2d at 1247, 1253 (Pa.Super. 2006). Moreover, "a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations can present a question that we should review." ***Id.***

Rothwell maintains that her sentence was harsh and excessive under the circumstances. She claims that the trial court (1) imposed a term of total confinement without properly assessing the criteria set forth in 42 Pa.C.S. § 9725, and (2) sentenced Rothwell to a term that was inconsistent with the punishment necessary to protect the public and to meet her rehabilitative needs. Appellant's Br. at 10. These claims raise a substantial question. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) ("In his 2119(f) statement, Appellant argues that the trial court's sentence is not consistent with the gravity of his violation, the need for public protection, or his needs for rehabilitation. . . . [W]e find this argument raises a substantial question.").[10] Because Rothwell's concise statement raises a substantial question, we will address the merits of her claim.

"Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of

---

[10] In addition, Rothwell raises a substantial question because the trial court sentenced her to total confinement following technical violations of probation. Appellant's Br. at 8; *see Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa.Super. 2014) ("Appellant's claim that the trial court sentenced him to a term of total confinement based solely on a technical violation raises a substantial question for our review.").

support so as to be clearly erroneous." *Id.* "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Id.* at 1283.

Rothwell argues that the trial judge's "discretion to incarcerate [Rothwell] was limited by the standards codified in section 9725." Appellant's Br. at 17. She contends that the trial court erred because there was an alternative treatment available to address her rehabilitative needs and that the sentence of 3 to 9 years' imprisonment was excessive. We disagree.

A review of the record shows that the trial court appropriately considered "the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [Rothwell's] rehabilitative needs." 42 Pa.C.S. § 9721(b). In doing so, the trial court noted:

> [Rothwell] is guilty of repeated flagrant violations that . . . evidence a resistance to reform. She is afflicted with mental illness, but she refuses to take appropriate steps to combat her drug addiction, which only exacerbates her mental illness. She either cannot or will not stay clear of intoxicating substances. She repeatedly tested positive for cocaine. She obtained prescription medications and then refused to surrender them. She refused to participate in group counseling and a 12-step program. She declined to cooperate with a drug counselor. Each time she returned to court, she asked for another chance, and she promised to obey.

> Faced with a string of empty promises, this Court had no option other than to place her in prison, where she will have diminished access to recreational drugs and where the authorities can prevail upon her at every turn to at least attend meetings and counseling sessions. They can lead her to water; whether or not she actually takes a drink from the well of recovery is in her own hands. The current regimen is doing her no good. A prison sentence can only drive home the urgency of her situation and the necessity of becoming clean and sober.

1925(a) Op. at 5.[11]

The trial court did not abuse its discretion in imposing the 3-to-9-year sentence. Although inpatient treatment was an alternative, the trial court was not required to sentence Rothwell to such treatment.[12] "The sentencing

_____

[11] In her brief, Rothwell admits that she "clearly failed to embrace the multiple opportunities she was presented" and that she could not "argue that revocation from her intermediate punishment sentence was not warranted." Appellant's Br. at 17.

[12] In addition, the trial court did not err in imposing a term of total confinement following Rothwell's technical violation. Section 9771(c) states:

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c). The trial court found that such a sentence was essential to vindicate the authority of the court, because it had to "ensure that the rules have some meaning" and if it did not impose this sentence "defendants and others so inclined [would] believe that the Probation

*(Footnote Continued Next Page)*

court was in the best position to evaluate [Rothwell's] character and [her] defiance or indifference." *Malovich*, 903 A.2d at 1254. As noted above, the trial court found that Rothwell repeatedly violated the terms of her probation. In addition, Rothwell "demonstrated a complete lack of interest in rehabilitation." 1925(a) Op. at 6. She tested positive multiple times for cocaine; failed to appear for or participate in meetings; would obtain prescription narcotics from other sources when she was not allowed to take those substances; displayed a disrespectful attitude toward her therapists; and used her cell phone during meetings. *Id.* at 2-3.

The trial court further found that Rothwell had violated the terms of her probation on multiple occasions, that such violations indicated an inability to reform, and that Rothwell failed to avail herself of the opportunities presented to her. The trial court found that a term of imprisonment was the best avenue to address Rothwell's drug addiction, noting that she required something "less voluntary" than the treatment she received at the Mental Health Court. 1925(a) Op. at 3. It further noted that the prison provides drug and alcohol treatment and that Rothwell would be able to move to a halfway house after completing her term. The sentence imposed by the trial court was appropriate considering Rothwell's history.

Judgment of sentence affirmed.

(Footnote Continued) ———————————

Department's rules are meaningless and are meant to be broken." 1925(a) Op. at 5. This was not an abuse of discretion.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016